**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **PATRICE WHISENTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 1:26-cv-01404** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **NANDO'S RESTAURANT GROUP INC.,** | ) | |
| | ) | **Jury Trial Demanded** |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT

Plaintiff, Patrice Whisenton ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Nando's Restaurant Group Inc. ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") seeking redress for Defendant's sex-based discrimination, sex-based harassment, and retaliation under Title VII.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction have been satisfied.

5.      Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

6.      Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

7.      This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

8.      Plaintiff, Patrice Whisenton, is a natural person, over 18-years-of-age, who at all times relevant to the allegations of this Complaint resided in Cook County, Illinois.

9.      Defendant, Nando's Restaurant Group Inc., whose address is 1447 E 53rd Street, Chicago, Illinois, 60615, is a corporation specializing in the food service industry that at all times material to the allegations in this Complaint was doing business in and for Cook County, Illinois.

10.     Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

11.     During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

12.     Plaintiff started working for Defendant as a back-row cook on or about August 1, 2025, until Defendant stopped scheduling Plaintiff to work on or about November 16, 2025.

13.     Plaintiff met or exceeded Defendant's performance expectations throughout the entire duration of her employment.

14.     Plaintiff is female and is a member of a protected class because of her sex (female).

15. Since at least September 2025, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class and has subjected Plaintiff to a hostile work environment on the basis of sex, violating Title VII.

16. On or about September 2025, a shift lead named Cory repeatedly invaded Plaintiff's personal space while she was working.

17. Throughout the entirety of that month, he would purposely stand very close behind Plaintiff and invade her space while she was performing her duties.

18. These behaviors made Plaintiff uncomfortable, and she documented both instances that occurred.

19. When Plaintiff asked the General Manager, Jazmine, if she could formally document the matter, Jazmine told Plaintiff no and made it clear she would not escalate Plaintiff's concerns to Human Resources.

20. Plaintiff then told Jazmine she was not comfortable working with Cory.

21. Instead of addressing the sexual harassment, Jazmine agreed only to stop scheduling Plaintiff with him.

22. Before reporting Cory, Plaintiff consistently worked Fridays, Saturdays, Sundays, and Mondays, and Cory worked all of those days as well.

23. After Plaintiff reported Cory's conduct, her schedule was drastically reduced, and she lost nearly all of those hours.

24. Plaintiff's schedule dropped to less than 10 hours per week from the 25–40 hours she reliably worked before reporting Cory.

25. The loss of hours in Plaintiff's schedule constitutes an adverse employment action as it drastically affected her compensation.

3

26. In or around late September 2025 and onward, another member of management, Assistant Manager Nicole, also engaged in inappropriate conduct.

27. She would pat her pockets in front of Plaintiff and frequently made comments about her sexual relationship with another coworker, including saying, "I'm trying to have sex with him."

28. Plaintiff saw them hug and kiss at work, and on one occasion, she saw them engaged in a sexual act.

29. When it was just the three of them working, Nicole and her paramour treated Plaintiff differently, as if she was interrupting their personal time.

30. Plaintiff told Jazmine that she was not sure what kind of relationship Nicole was having with this coworker and that their actions were contributing to an uncomfortable work environment for Plaintiff.

31. Instead of addressing the pervasive work environment that Plaintiff was being subjected to, Plaintiff's concern was brushed aside, and nothing changed.

32. The solution remained to keep Plaintiff's scheduled days to a minimum in order to avoid contact.

33. On or about October 27, 2025, a dishwasher named Timothy rummaged through Plaintiff's personal items and disgustingly soiled them with his urine.

34. Plaintiff wrote a statement about this incident on or about November 3, 2025.

35. Plaintiff asked Jazmine to check the cameras to confirm this as well.

36. By the week of November 13, 2025, Plaintiff noticed that she was barely being scheduled.

37. When Plaintiff asked Jazmine on November 16, 2025, whether she was on the schedule, Jazmine told her no and said she would let Plaintiff know if someone called off.

4

38. Plaintiff has not been placed back on the schedule since.

39. Plaintiff previously had at least one scheduled day each week, consistently on Mondays, but after reporting the incident involving Timothy, Plaintiff was completely removed from the schedule.

40. Other employees continued receiving their hours while Plaintiff received none.

41. Plaintiff was removed from the schedule because of her sex, (female) on or about November 16, 2025.

42. Plaintiff was retaliated against for opposing unlawful discrimination and for exercising her rights under Title VII, including by removing her from the work schedule and depriving her of continued work.

43. Plaintiff reported the sex-based discrimination and harassment to Defendant.

44. Plaintiff was targeted for removal from the schedule because of her sex and reporting of illegal activity.

45. Plaintiff suffered multiple adverse employment actions including, but not limited to, being removed from the schedule.

46. There is a basis for employer liability for the sex-based discrimination and harassment to which Plaintiff was subjected.

47. Plaintiff can show that she engaged in statutorily protected activity—a necessary component of her retaliation claim—because Plaintiff reported sex-based harassment and discrimination.

## COUNT I
### Violation of Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

48. Plaintiff repeats and re-alleges paragraphs 1–47 as if fully stated herein.

49.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's sex, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

50.     Plaintiff met or exceeded performance expectations.

51.     Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

52.     Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex.

53.     Plaintiff is a member of a protected class under Title VII, due to Plaintiff's sex, female.

54.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

55.     As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, and loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of Title VII of The Civil Rights Act of 1964
### (Sex-Based Harassment)

56.     Plaintiff repeats and re-alleges paragraphs 1–47 as if fully stated herein.

57.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sex-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

58.     Defendant knew or should have known of the harassment.

59.     The sex-based harassment was severe or pervasive.

60.     The sex-based harassment was offensive subjectively and objectively.

61.     The sex-based harassment was unwelcomed.

62.     Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*., due to Plaintiff's sex, female.

63.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

64.     As a direct and proximate result of the sex-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, and loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT III**
**Violation of Title VII of The Civil Rights Act of 1964**
**(Retaliation)**

65.     Plaintiff repeats and re-alleges paragraphs 1–47 as if fully stated herein.

66.     Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq*.

67.     During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted sex-based discrimination and harassment.

68.     As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

69.     In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of sex-based discrimination and harassment.

70.     Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

71.     Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

72.     By virtue of the foregoing, Defendant retaliated against Plaintiff in response to Plaintiff reporting the sex-based discrimination and harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

73.     Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

74.     As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

a.     Back pay with interest;

b.     Payment of interest on all back pay recoverable;

c.     Front pay;

d.     Loss of benefits;

e.     Compensatory and punitive damages;

f.     Reasonable attorneys' fees and costs;

g.     Award pre-judgment interest if applicable; and

h.     Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury. Dated this 6th day of February 2026.

*/s/Sophia K. Steere*

8

**SOPHIA K. STEERE, ESQ.**
**NATHAN C. VOLHEIM, ESQ.**
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(331) 307-7634
ssteere@atlaslawcenter.com
nvolheim@atlaslawcenter.com
*Counsel for Plaintiff*